**United States District Court**
**Eastern District of New York**
**Brooklyn Division**

FRANCIS ADAMS,
    *Plaintiff,*

v.    Case No.

LIBERTY MARITIME CORPORATION, FUTURE CARE, INC.
AND CAPTAIN JOHN JOSEPH MCAULIFFE,
    *Defendants,*

## SEAMAN'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The complaint of Francis Adams, a person of the age of majority and domiciled in the County of Galveston, State of Texas, who with respect represents:

### I.

The jurisdiction of this Court is invoked as petitioner was at all times pertinent, a seaman entitled to the benefits of admiralty, general maritime laws, Section 33 of the Merchant Marine Act of 1920, 46 U.S.C.A. Section 688-Jones Act, Judiciary Act of 1789 (28 U.S.C. Section 1333(1)) and under other applicable statutory laws, ordinances, regulations, and common laws of the United States of America and State of New York. This is an admiralty or maritime claim within the meaning of Rule 9 (h).

## II.

The complainant, Francis Adams, is a citizen of the State of Texas. The defendant, Liberty Maritime Corporation is a corporation incorporated under the laws of New York, with its principal place of business in New York. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

## III.

Defendants herein are the following:

Liberty Maritime Corporation , a domestic Corporation authorized to do and doing business in the County of Nassau, New York;

Future Care, Inc., a foreign corporation not authorized to do but nonetheless doing business in the County of Nassau, New York; and

Captain John Joseph McAuliffe, a resident of Coco Beach, Brevard County, State of Florida.

## IV.

Complainant, Francis Adams is an American Seaman. complainant's claims against defendants arise pursuant to the admiralty and maritime laws of the United States and the Jones Act and, upon trial of this matter, complainant would show that his injuries occurred in whole or in part as a result of the negligence of defendants, its agents, servants and/or employees, and the unseaworthiness of defendants vessel.

## V.

Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States and that defendant, Liberty Maritime Corporation is a New York Corporation domiciled in

the County of Nassau, New York and does business in this Honorable District, and, and it amenable to process here.

**VI.**

At the time, and on the occasion in question, defendants were in violation of United States Coast Guard Regulations and/or OSHA Regulations and/or Statutes in such violations resulting in Plaintiff's injuries and damages alleged herein.

**VII.**

At all times pertinent, the M/V Liberty Eagle, was owned, operated, maintained, manned and controlled by defendant, Liberty Maritime Corporation .

**VIII.**

At all times material hereto, complainant, Francis Adams, was employed by defendant, Liberty Maritime Corporation, and was working aboard the M/V Liberty Eagle as a Bosun.

**IX.**

In early October 2013, while off the eastern coast of Africa complainant, Francis Adams began to experience swollen legs from his calves all the way down to his feet. Complainant, Francis Adams notified Captain John Joseph McAuliffe of such medical problems and requested that he be allowed to go shore side for medical treatment. Defendant, Captain John Joseph McAuliffe advised complainant, Francis Adams that he would contact Defendant, Liberty Maritime Corporation's main office and seek to obtain approval. Thereafter, complainant, Francis Adams was advised that Defendant, Liberty Maritime Corporation had employed Future Care, Inc. and employees of Future Care, Inc. had indicated complainant, Francis Adams' complaints were related venous disease and that he should use support stockings to resolve such

complaints and his request for medical treatment was denied. Thereafter, complainant, Francis Adams continued to complain to Defendant, Captain John Joseph McAuliffe on a daily basis regarding his swollen legs.

### X.

Thereafter, your complainant, Francis Adams also began to suffer with intermittent sharp pain at the bottom of his lower right rib cage as well as swollen legs which he reported to Defendant, Captain John Joseph McAuliffe. Defendant, Captain John Joseph McAuliffe indicated he would contact Defendant, Liberty Maritime Corporation's home office and seek approval for shore side treatment. Thereafter, Defendant Captain John Joseph McAuliffe advised complainant, Francis Adams that such request for medical treatment had been denied as Defendant, Liberty Maritime Corporation had been informed by Future Care, Inc. that complainant, Francis Adams was suffering gas and that he did not require shore side treatment.

### XI.

Thereafter, complainant complained to Defendant, Captain John Joseph McAuliffe on a daily basis of swelling in his legs as well as intermittent sharp pains at the bottom lower rib cages and requested onshore medical care on a daily basis.

### XII.

Thereafter, complainant, Francis Adams began suffering with shortness of breath in addition to swollen legs and intermittent sharp pain at the bottom of his right rib cage and again requested that he be allowed to seek medical care shore side for such complaints. Defendant, Captain John Joseph McAuliffe indicated that he would contact Defendant, Liberty Maritime Corporation's home office and request approval for shore side medical treatment. Thereafter,

Defendant, Captain John Joseph McAuliffe advised complainant, Francis Adams that such request for medical care had been denied as defendant, Liberty Maritime Corporation had been informed by defendant, Future Care, Inc. such complaints were related to his diabetes.

### XIII.

Thereafter, Defendant, Captain John Joseph McAuliffe provided complainant, Francis Adams with an outdated inhaler.

### XIV.

On or about October 28, 2013, complainant, Francis Adams knees and legs swelling became much worse as did his rib cage pain and shortness of breath and he again requested medical treatment which was again refused be defendant, Captain John Joseph McAuliffe.

### XV.

On or about October 30, 2013 while off the coast of Portugal near the Canary Islands complainant, Francis Adams' rib cage pain, shortness of breath and swollen legs became unbearable at which time he advised Defendant, Captain John Joseph McAuliffe that if he was not allowed to seek medical care shore side he would job off the vessel and attempt to swim to shore. Thereafter, Defendant, Captain John Joseph McAuliffe allowed complainant, Francis Adams to seek medical treatment on Madeira Island in Funchal, Portugal.

### XVI.

On October 30, 2013 complainant, Francis Adams was admitted to the St. Catherine Medical Clinic. On admission to the St. Catherine Medical Clinic it was determined that he was suffering with pneumonia, that his heart was swollen and had been overworked as a result of the lack of treatment. Complainant, Francis Adams was further diagnosed as having suffered

congestive heart failure and atrial fibrillation as the result of the lack of treatment for pneumonia.

### XVII.

At all times pertinent, your complainant, Francis Adams, was injured will acting within the course and scope of his employment as a seaman assigned to the M/V Liberty Eagle and while employed by the defendant, Liberty Maritime Corporation.

### XVIII.

By reason of the relationship between your complainant, Francis Adams, as a member of the crew of a vessel in navigable waters and the defendant, Liberty Maritime Corporation, as plaintiff's Jones Act employer and/or the owner pro hac vice, and/or operator of the vessel and plaintiff's master and/or employer, your complainant, Francis Adams is entitled to recover maintenance and cure for such time as he has been and will be either convalescing from his injuries, under medical care, or reaching his maximum medical cure. Complainant, Francis Adams, demands maintenance and cure benefits from the defendant, Liberty Maritime Corporation.

### XIX.

The aforesaid injuries resulted solely and only from the negligence and omissions of the defendants, Future Care, Inc. and Liberty Maritime Corporation, and its agents and employees and the un-seaworthiness of the M/V Liberty Eagle.

### XX.

At all times pertinent, defendant, Liberty Maritime Corporation, maintained the power to control and direct and it did control and direct the activities of complainant, Francis Adams.

### XXI.

Your defendant, Limited Maritime Corporation, owed to your complainant, Francis Adams, a duty to furnish him a safe place to work and to provide for the safety and medical treatment of petitioner, and defendant, Liberty Maritime Corporation, failed to do so. Such negligent acts and omissions were the cause of the injuries and damages sustained by your complainant, Francis Adams.

### XXII.

Defendant, Liberty Maritime Corporation, could have made complainant, Francis Adams' working conditions safe through the exercise of reasonable care in allowing requested medical treatment, though failed to do so, and such negligent acts and omissions are the cause of the injuries sustained by your petitioner.

### XXIII.

At all times pertinent, defendant Liberty Maritime Corporation did negligently retain the services of defendant, Future Care, Inc.

### XXIV.

Defendant, Future Care, Inc. provided negligent medical advise and the defendant, Liberty Maritime Corporation did negligently accept such advice and failed to provide cure and medical care which resulted in failure to treat complainant's pneumonia which in turn has resulted in subsequent multiple hospitalization for heart attacks, atrial fibrillation, congestive heart failure and placement of stents in complainant, Francis Adams heart, all of which have caused him to became to totally and permanently disabled.

### XXV.

Complainant, Francis Adams, in no way contributed to or caused his injuries.

### XXVI.

The defendant, Liberty Maritime Corporation, was the owner and operator and/or Owner Pro Hac Vice of the M/V Liberty Eagle, including its equipment and appurtenances, that should have been reasonably fit for their intended use. The defendant owed to your complainant, Francis Adams, a duty to supply an adequate and competent crew. The defendant, Captain John Joseph McAuliffe was incompetent in the performance of his duties and failure to allow complaintant, Francis Adams to seek medical care and in providing a outdated inhaler instead of allowing medical care when it was apparent that your complainant, Francis Adams was in medical distress and in need of medical care. The defendant, Liberty Maritime Corporation, failed in this respect and did not furnish a seaworthy vessel; and such un-seaworthiness proximately caused the injuries and damages sustained by your complainant.

### XXVII.

At all times pertinent, your defendant, Future Care, Inc. and Liberty Maritime Corporation, acting by and through its agents, employees and servants were negligent; and such negligence was the proximate cause of the complained of injuries to your complainant, Francis Adams.

### XXVIII.

As a result of negligent medical advice, negligent failure to provide necessary medical treatment and cure and resulting injuries to your complainant, Francis Adams, he has sustained injuries as follows:

    A)    Past, present and future physical and mental pain, suffering, disability,

        disfigurement, impairment and inconvenience;

B)    Loss of enjoyment of life, the ability to pursue happiness, inconvenience under normal pursuits and pleasures of life, and feeling of economic insecurity caused by disability.

C)    Past, present and future loss of income and impairment of earning capacity;

D)    Past, present and future medical expenses;

E)    Maintenance per day in an amount to be set by the Court;

F)    Medical mileage;

G)    Cure;

H)    Found; and

I)    any other damages which may be proven at the trial of this matter.

## XXIX.

Defendant, Liberty Maritime Corporation failure to provide cure and medical treatment on a timely basis was callous recalcitrant, arbitrary and capricious and accordingly complainant, Francis Adams is entitled to an award of punitive damages and attorney fees.

## XXX.

Complainant, Francis Adams, as a Jones Act Seaman, requests that he be allowed to proceed without prepaying fees or costs or furnishing security therefore pursuant to 28 U.S.C.S. Section 1916.

## XXXI.

Complainant, Francis Adams requests trial by Jury.

**WHEREFORE**, complainant, Francis Adams, prays that a copy of this petition be served

on all defendants, Liberty Maritime Corporation and Captain John Joseph McAuliffe, that each be cited to appear and answer same and that after due proceedings are had that there be judgment rendered herein in favor of complainant, Francis Adams, and against all defendants, Liberty Maritime Corporation and Captain John Joseph McAuliffe, jointly and severally, for $3,500,000.00 and/or all sums as are reasonable in the premises, together with legal interest thereon, punitive damages, attorney fees, pre and post-judgment interest as allowed by law, for all costs of these proceedings, for all general and equitable relief, that there be trial by jury and that complainant as a seaman be allowed to proceed without prepayment of costs.

ANDREW GENNA

*[signature]*